lies in the United States Court of Appeals or in this Court. I think it evident that the Court of Appeals has jurisdiction in such a situation. Our cases have indicated that we narrowly view our appellate jurisdiction in three-judge court cases pursuant to 28 U. S. C. § 1253. See *Gonzalez* v. *Automatic Employees Credit Union*, 419 U. S. 90, 96 (1974). We have thus declined to review the actions, orders, and rulings of a single judge sitting on a three-judge court, see *id.*, at 96, n. 14; dismissed an appeal of a temporary restraining order by a single judge of a three-judge court for want of jurisdiction, see, *e. g.*, *Hicks* v. *Pleasure House, Inc.*, 404 U. S. 1 (1971) *(per curiam);* and stated that a court of appeals is not powerless to "give any guidance when a single judge has erroneously invaded the province of a three-judge court," *Idlewild Bon Voyage Liquor Corp.* v. *Epstein*, 370 U. S. 713, 716 (1962) *(per curiam).* See also *Schackman* v. *Arnebergh*, 387 U. S. 427 (1967) *(per curiam).* In light of these cases, I think it clear that jurisdiction over a petition for mandamus in a case such as this rests in the first instance in the Court of Appeals.

No. — — —. DOE *v.* UNITED STATES. Motion of petitioner for leave to file petition for writ of certiorari under seal denied. Petitioner may file a redacted petition for writ of certiorari on or before June 19, 1992.

No. A–669 (91–1780). COLORADO *v.* GASKINS. Ct. App. Colo. Application for stay, addressed to JUSTICE SCALIA and referred to the Court, denied.

No. D–1089. IN RE DISBARMENT OF WELLMAN. Disbarment entered. [For earlier order herein, see 503 U. S. 903.]

No. D–1096. IN RE DISBARMENT OF GARRICK. Disbarment entered. [For earlier order herein, see 503 U. S. 932.]

No. D–1102. IN RE DISBARMENT OF CONNER. Disbarment entered. [For earlier order herein, see 503 U. S. 956.]

No. D–1107. IN RE DISBARMENT OF CHATZ. Disbarment entered. [For earlier order herein, see 503 U. S. 968.]

No. D–1129. IN RE DISBARMENT OF SMITH. It is ordered that David Paul Smith, of Englewood, Colo., be suspended from the practice of law in this Court and that a rule issue, returnable